IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-86-RLJ-CCS |
| | ) | |
| JAMIE WILLIAM COOK and | ) | |
| GARY DEAN HOLDER, | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

Now before the Court is Defendant Cook's Motion to Continue Trial [Doc. 16], filed on October 5, 2017. The motion requests that the October 18, 2017 trial be continued, and all other deadlines be extended, to allow defense counsel time to complete his investigation into the facts and circumstances of this matter. The motion explains that counsel has not been able to complete his investigation in order to properly advise Defendant Cook about the best possible resolution for his case. Additional time will allow counsel to complete his investigation, properly advise Defendant Cook, and provide the parties an opportunity to make a full resolution of the case. The motion further states that Defendant Cook, who is in custody, understands he has a right to a speedy trial and that all time between the filing of the instant motion and a new trial date will be fully excludable for speedy trial purposes. Finally, the motion states that the Government does not oppose a continuance in this case. The Court notes that counsel for Defendant Holder has also

1

been contacted and likewise does not object to a continuance. All parties have agreed to a new trial date of January 10, 2018.

The Court finds the motion to continue to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that the Defendant's request for a continuance demonstrates a need for additional time for counsel to interview his client, review discovery, and investigate the facts of the case in order to provide competent representation on Defendant Cook's behalf. The Court observes that the failure to grant Defendant Cook's request would result in a miscarriage of justice because he would have to proceed to trial with unprepared counsel. Thus, the Court finds that Defendant Cook could not be ready for trial by October 18, 2017, and the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite his use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Under this provision, time excludable as to one defendant is excludable to all codefendants. *United States v. Holyfield*, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. *Henderson v. United States*, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to a codefendant, courts should be guided by the policies supporting the enactment of section 3161(h)(6):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded.

2

> Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

*United States v. Monroe*, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. *See id.*

In the present case, Defendants Cook and Holder are jointly indicted and no motion for severance has been filed. Based upon the reasons given above, the Court finds the three month delay is reasonable and that this delay is also attributable to Defendant Holder. 18 U.S.C. § 3161(h)(6).

Accordingly, the Defendant's motion to continue is **GRANTED**. The trial of this matter is reset to **January 10, 2018**. The Court also finds that all the time between the filing of the instant motion on October 5, 2017, and the new trial date of January 10, 2018, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to further scheduling in this case, pretrial motions are due on or before **November 1, 2017**, with responses due on or before **November 15, 2017**. The parties shall conclude plea negotiations by **December 5, 2017**. Furthermore, the parties are to appear before the undersigned for a pretrial conference on **December 12, 2017 at 9:30**. In addition, the Court instructs the parties that all motions *in limine* must be filed no later than **December 26, 2017**. Finally, special requests for jury instructions shall be submitted to the District Court no later than **December 29, 2017**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Therefore, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial [**Doc. 16**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 10, 2018, at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the instant motion on **October 5, 2017,** and the new trial date of **January 10, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Pretrial motions are due on or before **November 1, 2017**, and responses are due on or before **November 15, 2017**;

(5) The parties have until **December 5, 2017**, to conclude plea negotiations;

(6) The parties are to appear before the undersigned on **December 12, 2017 at 9:30 a.m.**, for a pretrial conference;

(7) Motions *in limine* must be filed no later than **December 26, 2017**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **December 29, 2017**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge