UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-86-RLJ-CCS |
| | ) | |
| JAMIE WILLIAM COOK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 16, 2017, for a motion hearing on the Defendant's *pro se* motion requesting the appointment of new counsel [Doc. 18], filed on November 2, 2017. Assistant United States Attorney Cynthia F. Davidson represented the Government. Assistant Federal Defender Bobby E. Hutson, Jr., appeared with Defendant Cook.

On August 17, 2017, the Court appointed [Doc. 5] Mr. Hutson and the Federal Defender Services of Eastern Tennessee (FDS) to represent Defendant Cook. The Defendant asks the Court to appoint new counsel for him because he and Attorney Hutson disagree about strategy and the scope of Mr. Hutson's role. The Court conducted a sealed, *ex parte* hearing in order to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court finds that the trust necessary to the attorney-client relationship is irretrievably broken. Additionally, the Court finds that the

1

Defendant and Mr. Hutson have suffered a breakdown in communication. The Court finds that it is appropriate to have new counsel take a fresh look at this case and advise the Defendant on how to proceed. Accordingly, the Court finds that good cause exists to substitute new counsel for Mr. Hutson.

Based upon good cause shown, the request for substitution of counsel [**Doc. 18**] is **GRANTED**, and Mr. Hutson and the FDS are relieved as counsel for the Defendant. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the Defendant to be represented by conflict-free counsel. Attorney Stephen G. McGrath was present at the hearing and agreed to accept representation of the Defendant. The Court **SUBSTITUTES** and **APPOINTS** Mr. McGrath under the Criminal Justice Act (CJA), 18 U.S.C. section 3006A, as counsel of record for the Defendant. Mr. Hutson provided the discovery and other information from the Defendant's file to Mr. McGrath at the conclusion of the hearing. The Defendant is admonished to work with Mr. McGrath throughout the remainder of his case. Mr. McGrath was advised that the motion deadline has expired. If Mr. McGrath discerns the need to file a motion, he shall move the Court for leave to file the motion, explaining why the motion is necessary, and shall attach a copy of the proposed motion to the motion for leave.

Accordingly, it is **ORDERED**:

(1) The Defendant's *pro se* request for the substitution of counsel [**Doc. 18**] is **GRANTED**. Assistant Federal Defender Bobby E. Hutson, Jr., and FDS are relieved of representation of the Defendant. Mr. Hutson has provided the discovery and the Defendant's file to new counsel;

(2) Attorney Stephen G. McGrath is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record under the CJA; and

(3) If Mr. McGrath deems the filing of a pretrial motion to be necessary, he must file a motion for leave to file a motion out of time and must attach a copy of the proposed motion.

**IT IS SO ORDERED.**

                            ENTER:

                            s/ C. Clifford Shirley, Jr.
                            United States Magistrate Judge