IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-86-RLJ-CCS |
| | ) | |
| JAMIE WILLIAM COOK and | ) | |
| GARY DEAN HOLDER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties came before the Court on December 12, 2017, for a scheduled pretrial conference and motion hearing on the Motion by Defendant Jamie Cook for Permission to File Late Motions through the Setting of a New Motion Deadline and to Permit Extension of Plea Deadline, Pretrial Conference, and Trial [Doc. 21], filed on November 30, 2017. Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. Attorney Stephen G. McGrath represented Defendant Cook, and Attorney Donny M. Young represented Defendant Holder. Both Defendants were also present.

Defendant Cook asks the Court to continue the January 10, 2018 trial date and all other deadlines in the case to allow new counsel for Defendant Cook time to complete his review of discovery, to investigate the facts of this case, to research and prepare pretrial motions, and to confer with Defendant Cook. Defendant states that he may be filing a motion to suppress evidence. At the December 12 hearing, Mr. McGrath said that the Court substituted him as Defendant Cook's attorney after the expiration of the motion deadline. He stated that Defendant Cook wanted him

to look into a number of issues and that he was hiring a private investigator to assist with the investigation of this case. Mr. McGrath also said that Defendant Cook wanted to have a detention hearing, which the Court scheduled for December 21, 2017, at 10:00 a.m. Finally, Mr. McGrath noted that the third codefendant charged in this case had yet to be brought before the Court and argued that continuing the trial date and other deadlines would potentially allow all three Defendants to proceed to trial together. The Court questioned Defendant Cook, who said he agreed with his attorney's request to continue the January 10 trial date.

AUSA Svolto said the Government did not object to the requested continuance. Mr. Young stated that Defendant Holder also had no objection to a trial continuance. The parties agreed on a new trial date of July 10, 2018.

The Court finds the motion to continue to be well-taken and unopposed by the Government and Defendant Holder. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that counsel for Defendant Cook needs additional time to confer with his client, review discovery, prepare and litigate pretrial motions, and investigate the facts of the case in order to provide competent representation to Defendant Cook. Defendant Cook wants to file a motion to suppress evidence. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding time during which a motion is pending). The Court will hold a hearing on all pending pretrial motions on February 16, 2018, at 1:30 p.m. After that hearing, the Court will need time to prepare a report and recommendation on the motion, the parties will need time to file and respond to objections, and the District Judge will need time to rule on the motion in light of the report and objections. *See* 18 U.S.C. § 3161(h)(1)(H) (excluding up to thirty days during which the court has a motion under advisement). After they receive a ruling on the motion, the parties will need time

2

to prepare for trial in light of that ruling. The undersigned finds that all of this could not occur prior to the January 10 trial date or in less than seven months.

Thus, the Court finds that Defendant Cook cannot be ready for trial by January 10, 2018, and the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite his use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also finds that Defendant Holder did not object to the trial continuance, that no motion to sever has been filed, and that the seven-month delay needed by Defendant Cook is reasonable. Thus, the Court finds that this delay is also attributable to Defendant Holder. *See* 18 U.S.C. § 3161(h)(6) (excluding a reasonable delay required by a codefendant, when no motion to sever has been filed).

Accordingly, Defendant Cook's motion to continue [**Doc. 21**] is **GRANTED**. The trial of this matter is reset to **July 10, 2018**. The Court also finds that all the time between the filing of the instant motion on November 30, 2017, and the new trial date of July 10, 2018, is fully excludable time under the Speedy Trial Act for the reasons set forth above. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), -(6), &- (7)(A)-(B). With regard to further scheduling in this case, pretrial motions are due on or before **February 1, 2018**, with responses due on or before **February 14, 2018**. The parties are to appear before the Court for a motion hearing on all pending pretrial motions on **February 16, 2018, at 1:30 p.m.** The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **June 11, 2018**. The parties are to appear before the Court for a pretrial conference on **June 15, 2018 at 9:30 a.m.** In addition, the Court instructs the parties that all motions *in limine* must be filed no later than **June 25, 2018**. Finally, special requests for jury instructions shall be submitted to the District Judge no later than **June 29, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Therefore, it is **ORDERED**:

(1) The Motion by Defendant Jamie Cook for Permission to File Late Motions through the Setting of a New Motion Deadline and to Permit Extension of Plea Deadline, Pretrial Conference, and Trial [**Doc. 21**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **July 10, 2018, at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the instant motion on **November 30, 2017,** and the new trial date of **July 10, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Court will hold a detention hearing for Defendant Cook on **December 21, 2017, at 10:00 a.m.**;

(5) Pretrial motions are due on or before **February 1, 2018**, and responses are due on or before **February 14, 2018**;

(6) The parties are to appear before the Court for a motion hearing on **February 16, 2018, at 1:30 p.m.**;

(7) The parties have until **June 11, 2018**, to conclude plea negotiations. This date is also the Defendants' deadline for providing reciprocal discovery;

(8) The parties are to appear before the Court on **June 15, 2018, at 9:30 a.m.**, for a final pretrial conference;

(9) Motions *in limine* must be filed no later than **June 25, 2018**; and

(10) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **June 29, 2018**.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge