UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-86-RLJ-DCP |
| | ) | |
| JAMIE WILLIAM COOK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on defense counsel's Motion to Review Appointment of Counsel [Doc. 62], filed on May 24, 2018. The parties appeared for a hearing on the motion on June 1, 2018. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Robert R. Kurtz represented the Defendant, who was also present.[1]

On April 4, 2018, Defendant Cook entered a guilty plea before United States District Judge R. Leon Jordan. Defendant Cook's sentencing hearing is scheduled for July 30, 2018. On May 21, 2018, Defendant Cook filed a *pro se* request to withdraw his guilty plea, contending, among other things, that his court-appointed counsel failed to investigate the legality of the traffic stop in his case, that his attorney "pushed" him into a guilty plea, and that he did not

---

[1] Defendant Cook used the Court's audio headset to aid him in hearing the proceedings.

1

understand the terms of his plea agreement, due to his poor hearing. Mr. Kurtz, who is the Defendant's third appointed attorney, then moved the Court to hold a hearing on the attorney-client relationship, stating that a conflict apparently has developed between himself and Defendant Cook. Mr. Kurtz asked that the Defendant be returned to the district in time for him to meet with the Defendant prior to the hearing in order to determine how the Defendant wanted to proceed and whether the attorney-client relationship is irreparably broken.

At the June 1 hearing, Mr. Kurtz informed the Court that he had met with Defendant Cook, who is adamant that he wants to go forward with his request to withdraw his guilty plea. Mr. Kurtz stated that he cannot continue to represent Defendant Cook, because he will now likely be a witness in a future hearing on the Defendant's motion to withdraw his guilty plea. AUSA Davidson said that while she first thought that the Government would oppose another substitution of counsel for Defendant Cook, she now agrees that Mr. Kurtz is likely a witness in any hearing to withdraw the Defendant's guilty plea. Moreover, AUSA Davidson stated that Mr. Kurtz's testimony may be a pivotal part of her opposition to the Defendant's request to withdraw his guilty plea.

Rule 3.7(a) of the Tennessee Rules of Professional Conduct prohibits an attorney from being an advocate in a case in which the attorney "is likely to be a necessary witness[.]" Tenn. S. Ct. R.8. This Rule, however, contains an exception for a lawyer who would provide "testimony [that] relates to the nature and value of legal services rendered in the case[.]" Tenn R. Prof. Cond. 3.7(a)(2). At first blush, the instant situation appears to fall within this exception to Rule 3.7(a), because Mr. Kurtz may be called upon to testify about the legal services he rendered, i.e., the legal advice he gave the Defendant with regard to entering a guilty plea and about the

2

terms of the plea agreement. However, comment [3] to Rule 3.7(a)(2) is illuminating:

> Paragraph (a)(2) recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyer to testify avoids the need for a second trial with new counsel to resolve that issue. Moreover, in such a situation the judge has firsthand knowledge of the matter in issue; hence, there is less dependence on the adversary process to test the credibility of the testimony.

In the present case, a motion to withdraw the guilty plea raises the possibility of conducting a trial in this case, without regard to Mr. Kurtz's substitution. Moreover, the private conversations of the Defendant and defense counsel are not something about which the District Judge would have any firsthand knowledge. Accordingly, the Court finds the possibility that Mr. Kurtz may need to testify at a hearing on a future motion to withdraw the guilty plea, which the Defendant has attempted to file *pro se* and which the Government intends to oppose, creates a conflict for Mr. Kurtz between his role as the Defendant's advocate and his role as a potential witness. Because such conflict could deprive the Defendant of the effective assistance of counsel at a hearing on a motion to withdraw the guilty plea, the Court believes it is prudent to allow Mr. Kurtz to withdraw and to substitute new counsel for the Defendant.

When the undersigned substituted Mr. Kurtz as the Defendant's attorney of record, it cautioned the Defendant that it would not substitute counsel again, unless some exceptional circumstance existed. In light of the potential conflict caused by the Defendant's desire to withdraw his guilty plea, the undersigned finds that good cause and exceptional circumstances exist to permit the substitution of counsel in this case. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). Mr. Kurtz is **RELIEVED** as counsel of record for Defendant Jamie Cook. The Court recognizes

the need for the Defendant to be represented continuously by conflict-free counsel. Attorney Russell T. Greene appeared at the June 1 hearing and agreed to accept representation of the Defendant. The Court therefore and hereby substitutes and appoints Mr. Greene as counsel of record for the Defendant pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Mr. Kurtz informed the Court that he had the discovery and information from the Defendant's file to provide to Mr. Greene at the conclusion of the hearing.

Accordingly, it is **ORDERED**:

(1) Attorney Robert R. Kurtz's Motion to Review Appointment of Counsel [**Doc. 62**] is **GRANTED**. The Court held a hearing to review counsel on June 1, 2018, and found that Mr. Kurtz has a conflict of interest in representing Defendant Cook;

(2) Mr. Kurtz is **RELIEVED** as counsel of record for Defendant Cook;

(3) Attorney Russell T. Greene is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant Cook pursuant to the CJA;

(4) Mr. Greene is **DIRECTED** to review the Defendant's *pro se* filing, to confer with Defendant Cook, and to file a motion to withdraw guilty plea, if appropriate, on or before **June 29, 2018**; and

(5) The Government shall respond to a motion to withdraw guilty plea filed by *defense counsel*[2] on or before **July 13, 2018**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[2] Defendant Cook is again reminded that he may not file motions in his own behalf, while represented by counsel. E.D. Tenn. L.R. 83.4(c).