UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-86-RLJ-DCP |
| | ) | |
| JAMIE WILLIAM COOK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Cook's *pro se* letter, which was docketed as a motion [Doc. 77] on July 16, 2018, and which asks the Court to set a hearing to review the attorney-client relationship. Defendant Cook states that counsel is refusing to pursue his *pro se* motion to withdraw his guilty plea, has refused to file a suppression motion for him, and has "scared [him] into pleaing [sic] out." The parties appeared for a hearing on the motion on July 19, 2018. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Russell T. Greene represented the Defendant, who was also present.[1]

On April 4, 2018, Defendant Cook entered a guilty plea before United States District Judge R. Leon Jordan. Defendant Cook's sentencing hearing is scheduled for October 1,

---

[1] Defendant Cook used the Court's audio headset to aid him in hearing the proceedings.

2018.  On May 21, 2018, Defendant Cook filed a *pro se* request to withdraw his guilty plea.  At a hearing on June 1, 2018, the Court substituted Attorney Greene for prior defense counsel, finding that prior counsel had a potential conflict because he could be a witness with regard to the Defendant's motion to withdraw his guilty plea.  The Court set a deadline of June 29, 2018, for Mr. Greene to review the Defendant's *pro se* filing, to confer with Defendant Cook, and to file a motion to withdraw guilty plea, if appropriate.  No additional motion was filed by this deadline.

At the July 19 hearing, Mr. Greene stated the Defendant's *pro se* request to discharge counsel is now moot and asked to explain matters to the Court in a sealed hearing.  The Court conducted a sealed, *ex parte* hearing in order to learn the status of the attorney-client relationship.  Without going into the confidential nature of that discussion, the Court finds that Defendant Cook wants Mr. Greene to continue as his attorney.  Defendant Cook made an oral motion to withdraw his *pro se* letter [Doc. 77] to discharge Mr. Greene.  The Defendant's oral motion to withdraw is **GRANTED**, and the Clerk of Court is **DIRECTED** to **WITHDRAW** this *pro se* motion [Doc. 77].  Additionally, the Defendant made an oral motion to seal and to withdraw his *pro se* motion to withdraw his guilty plea [Doc. 61].  The Court finds this oral motion to be well taken, and it is also **GRANTED**.  The Clerk of Court is **DIRECTED** to place the Defendant's *pro se* motion to withdraw his guilty plea [Doc. 61] **UNDER SEAL**, due to the confidential information contained therein.[2]  The Clerk of Court is also **DIRECTED** to **WITHDRAW** this *pro se* motion [Doc. 61].

The Court observes that Mr. Greene is Defendant Cook's fourth court-appointed

---

[2] Mr. Greene has agreed to review the Defendant's other *pro se* filings in this case and to move to seal these filings, if appropriate.  Mr. Greene may move the Court to file the motion to seal *pro se* filings under seal.

2

attorney.  The Court again cautions Defendant Cook that it will not substitute counsel again, except in the event of an exceptional circumstance.  Defendant Cook is encouraged to continue to work with Mr. Greene throughout the remainder of this case.

Accordingly, it is **ORDERED**:

(1) The Defendant's oral motion to withdraw his *pro se* motion to discharge counsel is **GRANTED**;

(2) The Clerk of Court is **DIRECTED** to **WITHDRAW** the Defendant's *pro se* motion [**Doc. 77**] to discharge counsel;

(3) The Defendant's oral motion to seal and to withdraw his *pro se* motion to withdraw his guilty plea is also **GRANTED**;

(4) The Clerk of Court is **DIRECTED** to place the Defendant's *pro se* motion to withdraw his guilty plea [**Doc. 61**] **UNDER SEAL**; and

(5) The Clerk of Court is also **DIRECTED** to **WITHDRAW** the Defendant's *pro se* motion [**Doc. 61**] to withdraw his guilty plea.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge