UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-86-RLJ-DCP |
| | ) | |
| JAMIE WILLIAM COOK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Cook's *pro se* Motion to Review Counsel [Doc. 115], filed on October 18, 2018.[1] The motion asks the Court to review the attorney-client relationship "for cause," because (1) Defendant Cook has had no communication with appointed counsel; (2) counsel has not filed the motions Defendant Cook desires, which has caused Defendant to file numerous *pro se* motions; and (3) counsel has failed to investigate the facts or to provide accurate information to the Defendant. The parties appeared for a hearing on the motion on November 30, 2018. Assistant United States Attorney Cynthia F. Davidson represented the Government. Attorney Russell T. Greene appeared along with Defendant Cook, who was also present.[2]

---

[1] The Court notes that this motion was held in abeyance, while the Defendant's interlocutory appeal was pending and while the Defendant was transported back to the district.

[2] Defendant Cook used the Court's audio headset to aid him in hearing the proceedings.

On April 4, 2018, Defendant Cook entered a guilty plea before United States District Judge R. Leon Jordan. Defendant Cook's sentencing hearing is currently scheduled for March 25, 2019. Mr. Greene is Defendant Cook's fourth appointed counsel. Each of Defendant Cook's three prior attorneys were permitted to withdraw and new counsel substituted, due to the Defendant's disagreement with counsel with regard to strategy [Docs. 20 & 35] or because the Defendant had made counsel a witness by filing a *pro se* motion to withdraw his guilty plea [Doc. 67]. Additionally, on July 19, 2018, the undersigned reviewed [Doc. 78] the attorney-client relationship between the Defendant and Mr. Greene. At that time, Defendant related to the Court that he wanted Mr. Greene to continue as his attorney and that his *pro se* request to discharge counsel was moot.[3] The Court cautioned Defendant Cook that it would not substitute counsel again, except in the event of an exceptional circumstance, and encouraged the Defendant to work with Mr. Greene throughout the remainder of this case.

At the November 30, 2018 hearing, Mr. Greene agreed that he and Defendant Cook are having communication problems. He stated that he called the Defendant at the Henderson County, Kentucky jail, where the Defendant is housed pending his sentencing hearing, in order to review the Presentence Report with the Defendant. Mr. Greene said that after talking for a short time, the Defendant hung up on him. Mr. Greene said that he called the lieutenant in charge of the Defendant, in an attempt to resume the call, but the Defendant did not want to talk to him. Mr. Greene stated that he called the jail again a few days later, but the lieutenant told him that the Defendant refused to speak to him. Mr. Greene said that he had interviewed the Defendant's wife and had attempted to find two or three other persons, whom the Defendant asked him to interview, but he could not find them. Mr. Greene said that he also met with the Defendant along with an

---

[3] The Defendant also withdrew his *pro se* motion to withdraw his guilty plea at that time.

investigator and AUSA Davidson prior to the trial of a codefendant. Mr. Greene stated that despite these attempts at communication, the Defendant is not satisfied with his representation.

The Court conducted a sealed, *ex parte* hearing in order to learn the nature and extent of any problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court finds no grounds to substitute counsel yet again. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court finds that the breakdown in communication between the Defendant and Mr. Greene is the fault of Defendant Cook. Accordingly, to the extent that the Defendant is asking for new counsel, the Defendant's *pro se* motion [**Doc. 115**] is **DENIED**. The Defendant stated that he did not want to represent himself and that he wanted to be represented by an attorney. The Court asked the United States Marshals to detain the Defendant locally for the next three weeks, to permit the Defendant and Mr. Greene to meet. The Court directed Mr. Greene to look into the Defendant's desire to withdraw his guilty plea [*see* Docs. 128 & 166] again. The Court set a deadline of **January 4, 2019**, for Mr. Greene to file a motion to withdraw guilty plea, if appropriate. The Government shall respond on or before **January 25, 2019**.

Defendant Cook has been repeatedly advised [*see* Docs. 28, 90, 94, 97, & 109] that the local rules of this Court prohibit him from filing motions in his own behalf, while he is represented by counsel. The Defendant's numerous pending *pro se* motions [**Docs. 122, 123, 124, 125, 128, 129, 130, 161, 164, 165, & 166**] are **DENIED**, because they were filed in violation of Local Rule 83.4(c).

Accordingly, it is **ORDERED**:

(1) The Defendant's *pro se* motion [**Doc. 115**] for the substitution of counsel is **DENIED**;

3

(2) The Defendant may file a motion to withdraw guilty plea, *through counsel*, if appropriate, on or before **January 4, 2019**;

(3) The Government's deadline for responding to a motion to withdraw guilty plea is **January 25, 2019**; and

(4) The Defendant's numerous *pro se* motions [**Docs. 122, 123, 124, 125, 128, 129, 130, 161, 164, 165, & 166**] are **DENIED**, because they are filed in violation of the local rules of this Court.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge