IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-86-RLJ-DCP |
| | ) | |
| JAMIE WILLIAM COOK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. This case came before the Court on January 3, 2019, for a hearing on Motion to Withdraw as Counsel [Doc. 178], filed by Attorney Russell T. Greene on December 28, 2018. Assistant United States Attorney Cynthia Davidson represented the Government and Attorney Greene appeared with Defendant Cook.[1]

At the January 3, 2019 hearing, Mr. Greene advised that during the process of evaluating potential bases upon which to file a motion to withdraw guilty plea as desired by Defendant Cook, Mr. Greene encountered an ethical issue in his representation of Defendant Cook for which he felt it necessary to seek guidance from the Board of Professional Responsibility of the Supreme Court of Tennessee ("the Board"). Mr. Greene stated that he was advised by the Board that he would have to seek to withdraw from representation of Defendant Cook due to the particular ethical issue and that he explained the situation to Defendant Cook prior to filing the Motion to Withdraw.

---

[1] Defendant Cook used the Court's audio headset to aid him in hearing the proceedings.

AUSA Davidson stated that the Government takes no position on the motion.

Upon excusing AUSA Davidson, the Court conducted a sealed, *ex parte* hearing in order to gain more insight concerning the matter and to evaluate the overall status of the attorney-client relationship given its history, which is described in detail in the Court's Memorandum and Order filed on December 6, 2018 [Doc. 170]. Without going into the confidential nature of that discussion, the Court was concerned about whether or not the undisclosed ethical issue could be alleviated through appointment of new counsel and whether there had been a breakdown in the attorney-client relationship between Mr. Greene and Defendant Cook. At the conclusion of the discussion, the Court terminated the sealed portion of the hearing and announced to the parties that it would take the matter under consideration and reconvene the hearing the following morning.

On January 4, 2019, the Court reconvened the hearing. Assistant United States Attorney Brent Jones represented the Government, and Attorney Greene appeared again with Defendant Cook.[2] Also in attendance was Attorney Wesley D. Stone, a member in good standing with the CJA Panel, whom the Court asked to attend in the event the Court ultimately determined that substitution of counsel would be necessary. The Court summarized the proceedings from the previous day, as well as the recent history of the case, and then excused AUSA Jones in order to conduct a supplemental sealed, *ex parte* hearing to further explore the issues set forth above. During the sealed portion of the hearing, Mr. Greene further responded to the Court's inquiries as reasonably necessary to satisfy the Court that there are sufficient grounds to warrant his withdrawal based not only on an ethical consideration, but also on an extremely strained attorney-client

---

[2] Defendant Cook again participated with the aid of headphones to assist him in hearing the proceedings.

relationship, suffering from a breakdown of communication due in no small part to the conduct of Defendant Cook. The Court then inquired of Mr. Stone as to whether he would be willing to accept appointment of Defendant Cook, and he so agreed. The Court strongly admonished Defendant Cook to work cooperatively with Mr. Stone, noting that Mr. Stone was the fifth counsel to be appointed by the Court and that no further appointments would considered absent an actual conflict, not caused or created in whole or in part by Defendant Cook. The Court further admonished Defendant Cook that conduct on the part of a defendant could potentially result in a waiver of the Sixth Amendment right to counsel and made efforts to explain the obligations and difficulties of *pro se* re presentation through a discussion of the *McDowell* litany.[3] *See United States v. McDowell*, 814 F.2d 245, 251 (6th Cir. 1987) (appendix).

After concluding the sealed portion of the hearing, AUSA Jones rejoined the proceeding and the Court summarized the above and announced the substitution of counsel. The Court asked the United States Marshals to continue to detain the Defendant locally for the next two weeks, to permit the Defendant and Mr. Stone to meet. The Court directed Mr. Stone to look into the Defendant's desire to withdraw his guilty plea [*see* Docs. 128 & 166]. The Court set a deadline of **January 18, 2019**, for Mr. Stone to file a motion to withdraw guilty plea on the Defendant's behalf, if appropriate. The Government shall respond on or before **February 1, 2019.**

---

[3] During this portion of the hearing, Defendant Cook was argumentative, attempting to talk over the undersigned, and refusing to listen. After having to caution Defendant Cook that his conduct may result in his removal from the courtroom, the Court suggested that Mr. Stone advise Defendant Cook on this matter at a later time, so that the Defendant will at least be generally aware of the potential risks and perils of self-representation should that need to be addressed by the Court at a future proceeding.

In light of the existence of an apparent actual ethical issue that has arisen with regard to Mr. Greene's representation of Defendant Cook, as well as a breakdown of communication that has caused irreparable harm to the attorney-client relationship, the Court finds that good cause exists to grant Mr. Greene's Motion to Withdraw as Counsel [**Doc. 178**], and the same is **GRANTED**.

Attorney Wesley D. Stone agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITUES** and **APPOINTS** Mr. Stone as the Defendant's counsel of record under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Mr. Greene is **DIRECTED** to provide the Defendant's file to new counsel as expeditiously as possible.

Accordingly, it is **ORDERED:**

(1) The Motion to Withdraw as Counsel [**Doc. 178**] is **GRANTED**;

(2) Attorney Russell T. Greene is permitted to withdraw as counsel of record for the Defendant and is **DIRECTED** to transfer the Defendant's file and any discovery to new counsel as soon as possible;

(3) Attorney Wesley D. Stone is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record under the CJA;

(4) The Defendant may file a motion to withdraw guilty plea, *** through counsel***, if appropriate, on or before **January 18, 2019**; and

(5) The Government's deadline for responding to a motion to withdraw guilty plea is **February 1, 2019**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge