UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-086 |
| | ) | |
| JAMIE WILLIAM COOK | ) | |

# O R D E R

On March 28, 2018, the defendant signed a plea agreement, admitting that he conspired to distribute and possess with intent to distribute fifty grams or more of methamphetamine. [Doc. 40]. On April 4, 2018, this Court accepted that plea. [Doc. 44]. Several attorneys and many *pro se* motions later, this matter remains on the Court's sentencing docket.

Now pending is an omnibus motion filed by the defendant's court-appointed lawyer (his fifth—and very likely final—such attorney). [Doc. 252]. In part, the motion asks for a competency evaluation. The Court referred that issue to Magistrate Judge Debra C. Poplin. Hearings were held, an evaluation was conducted, and the defendant was found competent. [Docs. 256, 261, 268-70].

Turning to the remaining issues raised in the defendant's filing,

1. The motion is captioned in part, "Motion to Withdraw Guilty Plea," but it also seeks "leave to request that he be permitted to withdraw his guilty plea." The Court **CONSTRUES** the defendant's filing as a motion to withdraw his plea. The motion is **SET** for hearing on **Wednesday, December 4, 2019, at 10:30 a.m.** in Knoxville. No later than November 25, 2019, the parties shall fully brief their positions in light of *United States v. Quinlan*, 473 F.3d 273 (6th Cir. 2007), and *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994).

2.  The motion asks that counsel be permitted to provide the defendant (who is in pretrial custody) with a copy of his Presentence Investigation Report. For obvious reasons of prisoner safety, this Court does not entertain such requests.  The request is **DENIED**.

3.  The defendant asks for numerous hearing transcripts.  A motion is not the proper avenue to obtain such relief, and the request is **DENIED**.

4.  The defendant asks for funding for an investigator to explore facts relating to such issues as his "motion to suppress evidence."  The Court restates that the defendant has entered a guilty plea.  He does not have a suppression motion pending.  His request for investigator funding is **DENIED**.

5.  The defendant asks the Court to order that he be housed separately from one of his codefendants.  That is ultimately a matter for the Bureau of Prisons and not this Court.  It is further noted that the codefendant is housed in a Bureau of Prisons penitentiary in California, whereas the defendant is in local pretrial custody.  The request is **DENIED AS MOOT**, with leave to renew at sentencing.

6.  Lastly, the motion asks (in the alternative) that counsel be allowed to withdraw.  Counsel has continued to represent the defendant since the May 13, 2019 filing of the instant motion, including at the hearings pertaining to the defendant's competence.  As such, the Court presumes that this issue is moot, and the request is **DENIED** as such.

In sum, all remaining issues in the defendant's sealed motion [doc. 252] (excepting the issue of plea withdrawal) are **DENIED**.  The Court **CONSTRUES** the sealed motion as a motion to withdraw guilty plea.

The defendant's motion to withdraw his guilty plea is **SET** for hearing on **Wednesday, December 4, 2019, at 10:30 a.m.** in Knoxville.  No later than November 25, 2019, the parties shall fully brief their positions on the motion in light of *United States v. Quinlan*, 473 F.3d 273 (6th Cir. 2007) and *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994).

**IT IS SO ORDERED.**

ENTER:


_____s/ Leon Jordan_____
United States District Judge